UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIA LOYA MEDINA,

Petitioner,

v.

JULIO HERNANDEZ, *et al.*,

Respondents.

CASE NO. 2:26-cv-00772-GJL

ORDER DIRECTING
SUPPLEMENTAL BRIEFING

Upon review of the parties' submissions, the Court finds that additional briefing is necessary to resolve jurisdictional and other issues presented by the Petition. Accordingly, the Court **DIRECTS** the parties to submit supplemental briefing as outlined below.

1.   Not later than **April 14, 2026**, Respondents **SHALL** file a supplemental brief accomplishing the following:

a.   **Jurisdiction to Consider Each Alleged Defect.** Petitioner alleges her bond hearing was legally defective on multiple grounds, including:

i.   The absence of a contemporaneous record for the Immigration Judge's ("IJ") bond denial decision and issuance of a written bond decision only after Petitioner invoked her right to appeal;

ii.   The IJ's failure to issue findings or apply legal standards; and

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 1

iii.      The IJ's failure to consider bond amount or alternative conditions.

Respondents shall address whether each of the alleged defects constitute legal error within the scope of this Court's habeas jurisdiction.

b.    **Legal Sufficiency of the IJ's Bond Determination.** Provide further response to Petitioner's allegation that the IJ issued no findings and applied no legal standards by identifying the legally sufficient basis, if any, for the IJ's bond denial decision. In doing so, Respondents shall identify where in the record, and based on what evidence, the IJ relied on facts that establish Petitioner as a flight risk as a matter of law.

c.    **IJ's Alleged Failure to Consider Bond Amount and Alternative Conditions.** Respond to Petitioner's argument that the IJ's failure to consider a bond amount or alternative conditions of release constitutes an independent legal defect in the bond proceeding for which she is entitled to habeas relief.

d.    **Legal Significance of Later-Issued Bond Memo**. Respondent shall also clarify, and submit supporting evidence demonstrating, whether the issuance of a written decision after the initial ruling is a routine practice. Respondents shall further explain the legal relevance of that practice to the issues presented here, including whether, and on what legal basis, the IJ's subsequent written decision cured alleged defects in the original proceedings.

e.    **Prudential Exhaustion.** Address whether Petitioner is entitled to waiver of the prudential exhaustion requirement under the factors articulated in *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004), including whether irreparable harm or other recognized considerations warrant waiver in this case.

2.    Not later than **April 14, 2026**, Petitioner **SHALL** file a supplemental brief accomplishing the following:

a.    In Grounds One and Three of her Petition, Petitioner alleges statutory and constitutional injuries resulting from her re-detention**.** Petitioner shall address whether, and how, these injuries are materially distinct from those redressed by remedial bond hearing provided pursuant to her membership in the bond-denial class certified in *Rodriguez Vazquez v. Bostock,* 779 F. Supp. 3d 1239 (W.D. Wash. 2025). In doing so, Petitioner shall assume the remedial bond hearing satisfied applicable legal requirements and identify what, if any, additional relief is warranted.

3.    The parties **MAY** respond to the supplemental briefing directed above not later than **April 17, 2026.**

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 2

The Clerk of Court is **DIRECTED** to **RE-NOTE** the Petitioner for consideration on **April 17, 2026.**

Dated this 7th day of April, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DIRECTING SUPPLEMENTAL
BRIEFING - 3