UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARIA LOYA MEDINA,

               Petitioner,

     v.

JULIO HERNANDEZ, *et al.*,

               Respondents.

CASE NO. 2:26-cv-00772-GJL

ORDER GRANTING PETITION
FOR WRIT OF HABEAS CORPUS

Petitioner Maria Loya-Medina is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1. On March 6, 2026, Petitioner, through counsel, filed a Petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from immigration detention. *Id.* Respondents to the Petition include Julio Hernandez (Acting Field Office Director for ICE's Seattle Field Office), Todd Blanche[1] (Acting U.S. Attorney General), Todd Lyons (Acting Director of ICE), ICE, the Executive Office for Immigration Review, ("EOIR"), Bruce Scott

---

[1] Respondent Blanche has been substituted for the previously named Respondents Pamela Bondi.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 1

(Warden of the NWIPC), and U.S. Department of Homeland Security ("DHS") (collectively "Respondents").

The parties have consented to proceed in this matter before a United States Magistrate Judge. Dkt. 12. On April 7, 2026, the Court ordered supplemental briefing. Dkt. 18. With those submissions received, the Petition is now fully briefed and ready for consideration by the Court. Dkts. 1, 14, 17, 19, 20, 22.[2]

Having considered the parties' submissions, the balance of the record, and the governing law, the Court **GRANTS** the Petition (Dkt. 1) and **ORDERS** Petitioner's immediate release as set forth in the conclusion below.

## I.    FACTUAL BACKGROUND

In this matter, Petitioner challenges the legality of her current detention following a court-ordered bond hearing held pursuant to 8 U.S.C. § 1226(a). Unless noted, the parties generally agree as to the underlying facts of the case summarized below.

**A.    Immigration Background**

Petitioner Maria Trinidad Loya Medina is a citizen of Mexico. Dkt. 1 at ¶ 48; Dkt. 2 at ¶ 2; Dkt. 5-1; Dkt. 16 at ¶ 4.[3] Petitioner entered the United States without inspection in or around January 2005. Dkt. 1 at ¶ 48; *see also* Dkt. 5-2.

**B.    Personal and Familial Circumstances**

Petitioner has resided in the United States for approximately twenty-one years and has lived in Albany, Oregon, for the past seven years. Dkt. 1 at ¶ 48; Dkt. 2 at ¶¶ 2, 7. She is the

---

[2] Petitioner requested oral argument in her Reply. Dkt. 17. Because the Court resolves this matter in favor of the Petitioner based solely upon the written record, the Court **denies** the request for oral argument.

[3] Petitioner has raised evidentiary objections to paragraphs 5, 7–9, 11, and 16 of this declaration. Dkt. 17 at 15–18. As the Court does not rely on those paragraphs in this Order, it is unnecessary to resolve Petitioner's objections and the Court declines to do so.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 2

mother of two United States citizen children and the primary caregiver for her children and for her husband, who requires ongoing care following a stroke. Dkt. 1 at ¶ 48; Dkt. 2 at ¶¶ 3–6, 24.

Petitioner alleges that her continued detention has adversely affected her family. She states that, due to her husband's stroke in December 2025, he underwent surgery and now requires ongoing care. Dkt. 1 at ¶ 86; Dkt. 2 at ¶¶ 3, 5–6, 24. She further alleges that her 16-year-old son has assumed caregiving responsibilities and that both children have experienced mental health impacts, including depression and stress. Dkt. 1 at ¶¶ 86–88; Dkt. 3.

**C.    Circumstances of Arrest and Immigration Detention**

The parties provide differing accounts of Petitioner's arrest by immigration officials. It is undisputed that Petitioner was arrested on January 10, 2026, served with a Notice to Appear, and transferred to the Northwest ICE Processing Center in Tacoma, Washington, where she remains detained. Dkt. 1 at ¶¶ 49, 56, 58; Dkt. 5-3; Dkt. 2 at ¶¶ 9–17; Dkt. 3 at ¶ ¶ 2–3, 7; Dkt. 4; Dkt. 16 at ¶¶ 12–13.

During her arrest, Petitioner alleges that ICE agents surrounded her vehicle in a parking lot, that she was fearful and confused by their use of an old name, and that the officers did not present a warrant or other paperwork. Dkt. 1 at ¶¶ 49–58; Dkt. 2 at ¶¶ 9–17; Dkt. 4. Petitioner states that, once she understood what was happening, she cooperated in showing her identification, displayed a "red card,"[4] and attempted to exit the vehicle, but that the agents unnecessarily escalated the encounter by breaking her car window before arresting her. Dkt. 1 at ¶¶ 49–58; Dkt. 2 ¶¶ 9–17; Dkt. 3 at ¶ 6; Dkt. 4. She further alleges that a Spanish-speaking agent

---

[4] Petitioner states that the "red card" is a form distributed throughout immigrant communities that articulates a noncitizen's constitutional rights in the event they are detained by immigration officials. Dkt. 1 at 14 n. 11.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 3

apologized and stated the arrest was "mandated…by the President." Dkt. 1 at ¶ 57; Dkt. 2 at ¶ 17.

The DHS I-213 Form prepared my immigration officials following her arrest states that a warrant was displayed and that arresting officers broke a rear window to effect the arrest because Petitioner "refused to exit" her vehicle after several "requests" and "warnings." Dkt. 5-4.

**D.      Prior Habeas Proceedings**

On January 14, 2026, Petitioner filed a petition for habeas seeking relief pursuant to her membership to the Bond Denial class in *Rodriguez Diaz v. Bondi*, 779 F. Supp. 3d 1239 (W.D. Wash. 2025). Dkt. 1 at ¶ 62; Dkt. 5-6. On January 29, 2026, the United States District Court granted the petition, concluding that Petitioner's mandatory detention without process violated the Immigration and Nationality Act ("INA") and ordering that she be provided a bond hearing under 8 U.S.C. § 1226(a). Dkt. 1 at ¶¶ 63–65; Dkt. 5-7; Dkt. 16 at ¶ 14.

**E.      Court-Ordered Bond Hearing**

On February 4, 2026, Petitioner appeared for a bond hearing before Immigration Judge ("IJ") John O'Dell. Dkt. 1 at ¶ 67; Dkt. 5-8. Petitioner was represented by counsel, and an interpreter was present. *Id.*

However, Petitioner alleges that the virtually-appearing interpreter did not fully translate, and the Petitioner was unable to understand, the bulk of the proceedings. Dkt. 1 at ¶ 6; Dkt. 2 at ¶ 18. The hearing lasted less than 15 minutes and was not recorded or transcribed. Dkt. 1 at ¶¶ 68–69; Dkt. 2 at ¶ 18; Dkt. 5-11. Petitioner submitted a 69-page evidentiary packet, which was accepted into the record. Dkt. 1 at ¶ 70; Dkt. 5-9; Dkt. 5-14. Respondents submitted a Form I-213, which was also accepted into the record. Dkt. 1 at ¶ 73; Dkt. 5-4.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 4

At the conclusion of the hearing, the IJ denied bond, finding that Petitioner posed a flight risk. Dkt. 1 at ¶ 74; Dkt. 5-10. The initial bond decision was issued on a checkbox order indicating the IJ denied the bond, considered Petitioner's ability to pay, and then denied her conditional release. Dkt. 5-10. Although she initially waived appeal, Petitioner later sought to withdraw that waiver and filed an appeal, which remains pending. Dkt. 1 at ¶¶ 76–77; Dkt. 2 at ¶¶ 19, 21; Dkt. 5-13; Dkt. 16 at ¶ 18.

On February 26, 2026, the IJ issued a written memorandum outlining the bond determination.[5] Dkt. 1 ¶ 78; Dkt. 5-14; Dkt. 16 at ¶ 18. In that memorandum, the IJ stated that Petitioner bore the burden of establishing that she was not a danger to the community or a flight risk. Dkt. 5-14. The IJ then outlined the permissible factors to be considered in determining bond and noted it must also consider conditions of supervision. *Id*.

The IJ outlined the evidence in record and acknowledged that Petitioner had significant equities, including her length of residence, family ties, employment history, and community support. *Id*. The IJ further noted Petitioner's prior encounter with immigration authorities, her reentry without inspection, her use of a false Social Security number for employment, and her conduct during the January 2026 arrest. *Id.*

---

[5] Petitioner contends the Court may not lawfully consider the IJ's subsequently issued written memorandum because the IJ allegedly provided no reasoning at the time of the bond determination and instead issued only a checkbox order. *See* Dkt. 22 at 4–6 (invoking *SEC v. Chenery Corp*., 318 U.S. 80, 87 (1943)). The Court does not accept Petitioner's premise. Although no recording or transcript of the bond hearing is available, Petitioner's own submissions undermine her assertion that no oral decision and reasoning was provided. In her declaration, Petitioner recounts that her attorney informed her the IJ found her to be a flight risk based on her failure to immediately exit her vehicle when approached by agents. *See* Dkt. 2 at ¶ 22. This representation indicates that the IJ articulated at least some rationale for the bond denial at or near the time of the hearing. On this record, and absent affirmative evidence that the IJ provided no reasoning whatsoever, the Court declines to presume that the agency failed to articulate a basis for its decision. Accordingly, Petitioner has not shown the Court is precluded from considering the IJ's written memorandum; thus, the Court accepts the written decision as evidence of the IJ's rationale in denying bond.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 5

The IJ ultimately concluded that Petitioner presented "an extremely poor bail risk" and had not met her burden to demonstrate that she was not a flight risk. *Id*. The IJ further concluded that no amount of bond or conditions of release would reasonably ensure her appearance at future proceedings and denied bond and conditional parole. *Id.* This conclusion was not accompanied by a discussion of possible conditions or why such conditions would be insufficient to ensure Petitioner's appearance. *Id.*

**F.      Removal Proceedings and Current Posture**

On February 2, 2026, Petitioner appeared before an IJ, conceded removability, and was granted a continuance to seek relief. Dkt. 16 at ¶ 15. Petitioner filed an application for cancellation of removal on February 11, 2026. Dkt. 16 at ¶ 17. Following a hearing, the IJ denied that application and granted voluntary departure, issuing a written order on February 24, 2026. Dkt. 16 at ¶ 19; Dkt. 15-3. Petitioner appealed that decision, and the appeal remains pending. Dkt. 16 at ¶ 20.

## II.      PROCEDURAL BACKGROUND

Petitioner initiated this action on March 6, 2026, by filing a federal habeas petition and supporting materials. Dkt. 1; Dkts. 2–5. Respondents filed a return and supporting declarations on March 23, 2026. Dkts. 14–16. Petitioner filed a timely reply. Dkt. 17.

Thereafter, the Court directed supplemental briefing and permitted supplemental replies. The parties filed supplemental briefs on April 14, 2026. Dkts. 19, 20. Respondents also submitted an additional declaration in support of their supplemental briefing. Dkt. 21. Petitioner filed a supplemental reply on April 17, 2026. Dkt. 22.

Thus, this matter is now fully briefed and ready for consideration by the Court.

//

## III.   HABEAS STANDARD

Federal courts have authority to grant writs of habeas corpus to individuals in custody if such custody is a "violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and...the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). To obtain habeas relief, habeas petitioners have the burden of demonstrating there is no lawful basis for their detention by a preponderance of the evidence. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## IV.   DISCUSSION

Petitioner raises three claims challenging the legality of her detention. First, she alleges that DHS failed to make an individualized determination prior to her detention, in violation of due process. Dkt. 1 at 21–22. Second, she asserts that her immigration bond proceedings were legally deficient and that her continued detention pursuant to those proceedings violates due process. *Id.* at 22–23. Third, Petitioner contends that the asserted defects in the bond proceedings independently violate the INA and entitle her to habeas relief. *Id.* at 23–24. Petitioner also asserts that she should not be required to exhaust administrative remedies before seeking federal habeas relief from her current detention. Dkt. 17 at 21–25.

Respondents counter that the IJ's bond determination was lawful and that any challenges to the manner in which the IJ weighed the evidence in Petitioner's case fall outside the Court's subject matter jurisdiction. Dkt. 14 at 4–8. Respondents also contend that Petitioner's challenges to the IJ's bond determinations should be dismissed for failure to exhaust administrative remedies available through the BIA. *Id.* at 8–11.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 7

As set forth below, the Court finds that the IJ abused their discretion and violated Petitioner's due process rights in denying bond, which falls squarely within the subject matter jurisdiction of this Court. In reaching this conclusion, the Court waives the prudential exhaustion requirement in light of Petitioner's individualized showing of irreparable harm as permitted by *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

The Court also does not reweigh evidence and adheres closely to recent decisions reviewing IJs' bond determinations within this court and other federal district courts. Finally, because the Court grants relief based on legal defects in the immigration bond proceedings, it does not reach Petitioner's alternative claims based on the alleged failure by DHS to perform an individualized assessment at or near the time of Petitioner's re-detention.

**A.      Subject Matter Jurisdiction**

In general, the Court does not have jurisdiction to review discretionary bond decisions. On this point, 8 U.S.C. § 1226(e) provides that:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole.[6]

"That provision does not, however, preclude habeas jurisdiction over constitutional claims or questions of law." *Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (cleaned up). "Claims that the discretionary bond process itself was constitutionally flawed are cognizable in federal court on habeas because they fit comfortably within the scope of [28 U.S.C.] § 2241." *Id.* (cleaned up); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the IJ's discretionary bond determination was not reviewable in federal court…, we would have had

---

[6] "This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 8

jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation."). Accordingly, "a district court has jurisdiction to review an IJ's discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432, *4 (N.D. Cal. Nov. 6, 2018) (collecting cases).

Reviewable claims of legal error include application of the incorrect legal standard, ignoring or "seriously mischaracterizing" important facts, and irrational or unfounded application of a legal standard to an established set of facts. *Hinds v. Bondi*, No. 24-1878, 2026 WL 122480, at *2 (2d Cir. Jan. 16, 2026); *Soriano v. Hernandez*, No. 2:26-CV-00900-DGE, 2026 WL 969764, at *6 (W.D. Wash. Apr. 10, 2026) (reviewing for abuse of discretion and granting relief where IJ supplied "no rationale" for bond denial decision and none could be discerned from the record). Claims of constitutional injury, such as procedural due process violations. are also reviewable by a district court. *W.T.M. v. Bondi*, No. 2:25-CV-02428-RAJ-BAT, 2026 WL 262583, at *4 (W.D. Wash. Jan. 30, 2026) (applying *Mathews v. Eldridge*, 424 U.S. 319 (1976)). Even in the context of these reviewable errors, however, district courts may not "review underlying factual determinations such as the IJ's factfinding on credibility," their "weighing of the evidence," or the IJ's "logic…in drawing inferences" from the evidence. *Hinds*, 2026 WL 122480, at *2.

In the instant Petition, Petitioner argues her current detention is unconstitutional because the IJ relied on evidence that could not support bond denial as a matter of law and procedural defects pervaded her bond proceedings. *See* Dkt. 1. Thus, Petitioner is not merely challenging the IJ's discretionary judgment as Respondents contend. Dkt. 14 at 4–8. Rather, Petitioner

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 9

challenges the legality of her immigration bond proceedings and her resulting detention, and such claims fall squarely within this Court's subject matter jurisdiction.

**B.    Prudential Exhaustion**

"On habeas review under § 2241, exhaustion is a prudential rather than jurisdictional requirement." *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011). That is, the necessity of administrative exhaustion in § 2241 actions is governed by sound judicial discretion. *McCarthy v. Madigan,* 503 U.S. 140, 144 (1992), *superseded by statutory amendment as noted in Booth v. Churne*r, 532 U.S. 731, 738 (2001). Nevertheless, "[p]rudential limits, like jurisdictional limits and limits on venue, are ordinarily not optional." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35–36, n.5 (2006).

To determine whether prudential exhaustion is appropriate, courts consider the following factors, often referred to as the *Puga* factors: (1) whether "agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision," (2) whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme," and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). That is, under the *Puga* factors, courts should require administrative exhaustion where it would aid in developing a more complete factual record for federal judicial review, prevent forum shopping, and conserve federal judicial resources by permitting agencies to correct their own mistakes where they are likely to do so.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 10

Even if the *Puga* factors weigh in favor of prudential exhaustion, a petitioner may avoid the requirement by demonstrating any one of the following *Laing* factors apply in their case: (1) "administrative remedies are inadequate or not efficacious," (2) "pursuit of administrative remedies would be a futile gesture," (3) "irreparable injury will result," or (4) "the administrative proceedings would be void." *Laing*, 370 F.3d at 1000 (quoting *S.E.C. v. G.C. George Sec., Inc.*, 637 F.2d 685, 688 (9th Cir. 1981)); *see Aden v. Nielsen*, No. 2:18-cv-1441-RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019) ("The party moving the court to waive prudential exhaustion requirements bears the burden of demonstrating that at least one of these *Laing* factors applies.") (citing *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1000 (N.D. Cal. 2018)).

In this case, even if exhaustion were required, waiver of that requirement is warranted by at least one of the *Laing* factors. Namely, Petitioner has shown that irreparable injury would result if she were to continue in immigration detention while pursuing administrative remedies through the BIA. *See Scott v. Wamsley*, Case No. 2:25-cv-1819, 2025 WL 3514304, at *4 (W.D. Wash. Dec. 8, 2025) ("Courts in this Circuit have regularly waived exhaustion requirements for noncitizens who face 'irreparable injury' from being detained for 'months without a bond hearing, and where several additional months may pass before the BIA renders a decision on a pending appeal.'").

Petitioner is the primary caregiver for her husband, who suffered a stroke in December 2025 and requires ongoing medical care following subsequent heart surgery. Dkt. 1 at ¶ 86; Dkt. 2 at ¶¶ 3, 6; Dkt. 5-9. She resides with her husband and two United States citizen children in Albany, Oregon, where she has lived for several years and has established a stable home and family life. Dkt. 1 at ¶ 48; Dkt. 2 at ¶¶ 2–7; Dkt. 5-9. Since her detention, Petitioner's 16-year-

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 11

old son has assumed caregiving responsibilities for both his younger sibling and their recovering father, while also managing his academic obligations. Dkt. 1 at ¶¶ 86–88; Dkt. 2 at ¶¶ 3–5, 14; Dkt. 3; Dkt. 5-9. Petitioner's daughter has been diagnosed with depression and has experienced a loss of appetite following the family separation. Dkt. 1 at ¶ 87; Dkt. 3 at ¶ 11.

The record further reflects that Petitioner has maintained consistent employment and contributed financially to her household, including supporting her family and maintaining their residence. Dkt. 1 at ¶ 72; Dkt. 5-9. Petitioner's continued detention while awaiting agency review of her claims disrupts her ability to provide financial support and maintain the stability of her household, including care for her husband and children. Dkt. 1 at ¶¶ 72, 86–88; Dkt. 2 at ¶¶ 3, 24; Dkt. 5-9.

Although Respondents contend that Petitioner's arguments regarding irreparable harm do not warrant waiver of the exhaustion requirement, they do not actually dispute the factual underpinnings of Petitioner's argument. Dkt. 20 at 15–18. Thus, the Court concludes that Petitioner's uncontested factual submissions are sufficient to show irreparable harm and warrant waiver of the exhaustion requirement. *See, e.g.*, *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1003 (N.D. Cal. 2018) (exhaustion requirement waived upon petitioner's showing that continued detention would interfere with her ability to present defense in ongoing criminal prosecution and to care for her 9-year-old daughter).

**C.    Merits**

Habeas courts review IJ's bond determinations for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 779, 784–85 (9th Cir. 2024); *Anyanwu v. Bondi*, No. 25-cv-995-JLR-MLP, 2025 WL 3466910, at *4 (W.D. Wash. Oct. 6, 2025*), report and recommendation adopted*, 2025 WL 3187485 (W.D. Wash. Nov. 14, 2025). When reviewing a determination for abuse of discretion,

a court may not reweigh evidence but may determine whether the IJ applied the correct legal standard. *Martinez*, 124 F.4th at 785 (citing *Wilkinson v. Garland*, 601 U.S. 209 (2024)); *Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *4 (D. Idaho Apr. 7, 2026) (adding, in more colorful terms, that federal district courts are "not required to countenance a sham" when reviewing discretionary bond determinations).

The following are factors considered by IJs in making discretionary bond determinations:

(1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen]'s length of residence in the United States; (3) the [noncitizen]'s family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen]'s employment history; (5) the [noncitizen]'s record of appearance in court; (6) the [noncitizen]'s criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen]'s history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen]'s manner of entry to the United States.

*Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006); *Matter of R-A-V-P-*, 27 I. & N. Dec. 803, 805 (B.I.A. 2020).

Given the significant liberty interest at stake for noncitizens in immigration detention and the weak or non-existent governmental interest in continued detention without adequate process, courts in this and other districts have found due process violations where IJs abuse discretion in bond determinations. *See W.T.M.*, 2026 WL 262583, at *4; *Soto Gimenez v. Hernandez*, No. 2:26-CV-00966-GJL, 2026 WL 1156075, at *6 (W.D. Wash. Apr. 29, 2026) (collecting cases).

In this case, Petitioner has satisfied her burden of demonstrating by a preponderance of the evidence that reviewable legal or constitutional errors pervaded her immigration bond proceedings and warrant the grant of habeas relief.

The circumstances here closely resemble those before the court in *Soriano v. Hernandez,* No. 2:26-CV-00900-DGE, 2026 WL 969764 (W.D. Wash. Apr. 10, 2026). In that case, the court

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 13

persuasively concluded that an IJ abused discretion in denying bond based on factors that, as a matter of law, could not independently support a flight risk finding. *Id.* at *4–6. In particular, the IJ relied on decades-old immigration history, use of a false Social Security number for employment, and the perceived weakness of the noncitizen's available forms of relief. *Id.* The court concluded that those considerations, without more, were insufficient to establish that the noncitizen posed a flight risk or that no conditions of release could reasonably ensure future appearance. *Id.* As a result, the court found the noncitizen's detention pursuant to the bond order violated due process and directed immediate release. *Id.* at *6.

The same circumstances are present in this case. The IJ relied on Petitioner's prior immigration history from 1998, her use of a false Social Security number for employment, and the limited forms of relief available in her removal proceedings. Dkt. 5-14. Standing alone, those considerations are insufficient under the reasoning persuasively articulated in *Soriano*.

The only additional factor present in this case is the IJ's reliance on Petitioner's alleged conduct during her January 2026 arrest. Dkt. 5-14; *see also* Dkt. 2 at ¶ 22. In the later-issued bond memorandum, the IJ cited Petitioner's alleged refusal to comply with officers' commands to exit her vehicle and the fact that officers ultimately "had to" break the vehicle window to effectuate the arrest in concluding that Petitioner was "an extremely poor bail risk." Dkt. 5-14 at 5–6.

Even accepting the IJ's characterization of the encounter, this additional factor does not materially distinguish this case from *Soriano*. The DHS Form I-213 on which the IJ relied reflects only that Petitioner did not immediately exit her vehicle during a sudden arrest encounter after officers issued several warnings and requests. Dkt. 5-4. The record before the IJ did not indicate that Petitioner attempted to flee, threatened officers, engaged in violence, or otherwise

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 14

took affirmative steps to evade arrest.[7] Dkt. 5-4; Dkt. 5-9. Furthermore, the IJ did not adequately explain how this isolated conduct automatically demonstrated that Petitioner posed a flight risk warranting continued detention.

In sum, the conduct described in the DHS Form I-213, even accepted as true, does not meaningfully alter the analysis from that in *Soriano.* Nor does it rationally support the conclusion that Petitioner's continued detention was warranted. *See also Vasquez Lopez v. Hernandez*, No. C26-0775 TSZ, 2026 WL 984151, at *3 (W.D. Wash. Apr. 13, 2026) (finding abuse of discretion where IJ relied on conclusory allegations unsupported by the overall record).

No reasonable and impartial decision-maker presented with the facts and evidence of Petitioner's case would conclude denial of bond was warranted. *See Soto Gimenez*, 2026 WL 1156075, at 8 ("Bond determinations must bear a rational relationship between the governing legal standards and the facts and evidence in a given case. Where those minimum requirements are not met, a resulting bond denial decision violates due process.").

The Court therefore concludes that the IJ abused discretion in denying bond and that Petitioner's continued detention pursuant to that determination violates due process.

## V.   REMEDY

The Court next considers the appropriate remedy. In this area, habeas courts have "a fair amount of flexibility." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). As noted, "the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. "In modern habeas practice, courts often 'employ a conditional order of release,' which

---

[7] Moreover, in these habeas proceedings, Petitioner provides her account of the encounter on January 10, 2026, which differs from the description contained in the DHS Form I-213. Dkt. 1 at ¶¶ 49–58; Dkt. 2 at ¶¶ 9–17; Dkt. 4. Although it appears this evidence was not available to the IJ at the time of the bond hearing and therefore does not itself establish error in the bond decision, it underscores the extent to which the allegations contained in the DHS Form I-213 were untested, lacking in detail, and created an unacceptably high risk of erroneous deprivation when relied upon by the IJ.

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 15

orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the government's violation of the law. *Cardozo v. Bostock*, No. 2:25-cv-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) (quoting *Harvest v. Castro*, 531 F.3d 737, 741–42 (9th Cir. 2008)). After issuing a conditional writ, a district court retains jurisdiction to ensure compliance with the writ and may order unconditional release if the government fails to comply with the initial habeas order. *Rose v. Guyer*, 961 F.3d 1238, 1246 (9th Cir. 2020).

The Court finds conditional release would not be an appropriate remedy here. The bond hearing at issue was conducted pursuant to a prior grant of habeas relief, in which the court ordered Respondents to provide Petitioner with a legally sufficient custody determination. Dkt. 5-7. In other words, Respondents have already been afforded an opportunity to cure legal deficiencies underlying Petitioner's detention. Respondents have failed to do so.

Accordingly, the Court concludes that no further immigration bond proceedings are necessary or appropriate. Petitioner's continued detention is not supported by a lawful bond determination, and additional delay for further proceedings would not cure that deficiency. *See Harvest*, 531 F.3d at 742 ("The consequence when the State fails to replace an invalid judgment with a valid one is always release."); *see, e.g., Escalante Perez v. Hernandez*, No. C26-0956 TSZ, 2026 WL 1004559, at *2 (W.D. Wash. Apr. 14, 2026) (ordering immediate release where IJ abused discretion at court-ordered bond hearing).

The Court therefore **ORDERS** that Petitioner be released from immigration custody under the same conditions of her prior release, if any.

//

//

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 16

## VI.  CONCLUSION

For the foregoing reasons, Petitioner's habeas Petition (Dkt. 1) is **GRANTED** and the Court **ORDERS** as follows:

(1)     Respondents **SHALL release** Petitioner Maria Loya Medina from custody immediately under the same conditions, if any, in place at the time of her re-detention; and

(2)     Respondents **SHALL** file a declaration within **24 HOURS** of the issuance of this Order, confirming that Petitioner has been released from custody and providing the date and time of her release.

Finally, the Court will entertain post-judgment requests for attorney's fees, as requested in the Petition. Any fee petition must be filed within the deadline set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 7th day of May, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER GRANTING PETITION FOR WRIT OF
HABEAS CORPUS - 17